IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JASON GLENN CARROLL,**

      **Plaintiff,**

v.                                       **Civil Action No. 3:21-CV-189**
                                             **(GROH)**

**RUSSELL MASTON,**
**KAREN TOWNSON, and**
**BETSEY JIVIDEN,**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 23, 2021, the *pro se* Plaintiff, who is a state prisoner incarcerated at Saint Marys Correctional Center, in Saint Marys, West Virginia, initiated this case by filing an action pursuant to 42 U.S.C. § 1983. ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY

In his complaint Plaintiff asserts that his civil rights were violated when Defendant Jividen "made a policy directive that violated [his] constitution[al] right in charging [him]

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:21-CV-189, unless otherwise noted.

before the three cop[ies] of legal work." ECF No. 1 at 5. Plaintiff further claims that Defendant Townson charged him for legal work and that Defendant Mason upheld that policy directive which violates his constitutional rights. Id. at 6. Plaintiff asserts that he was injured when the Defendants and the trustee clerk, who is not named as a defendant, took money from his account. Id. at 9.

Plaintiff asks the Court to overturn the disciplinary conviction, expunge his record, order unspecified monetary damages, and prohibit the Defendants from working in corrections. Id.

In Attachment A to his complaint, Plaintiff alleges on November 18, 2021, that Defendant Townson stated she was permitted to charge inmates for legal work, and that he was charged "for 7 pages", which he claims was embezzlement of his funds. ECF No. 1-1. Plaintiff alleges that Townson's actions violated his Due Process and Equal Protection rights and denied him access to the courts. Id.

In Attachment B to his complaint, Plaintiff alleges that on October 29, 2021, Defendant Jividen revised Policy Directive 329.00. Plaintiff claims that the revised policy directive violates his right to assistance of counsel. ECF No. 1-2.

Plaintiff further attached to his complaint both a grievance form dated November 18, 2021, and a letter dated December 9, 2021, from the West Virginia State Bar advising on lawyer referral services. ECF Nos. 1-3. 1-4.

### III.  LEGAL STANDARD

#### A.  Pro Se Litigants.

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial

2

review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

The Prisoner Litigation Reform Act (PLRA) requires proof of "physical injury." There is no recovery for mental or emotional stress without consequent physical injury. 42 U.S.C. § 1997e(e) provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."

### IV. ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.

Under the Prison Litigation Reform Act (PLRA) of 1996, there is an important limitation upon all actions arising from incarceration, requiring proof of physical injury arising from the allegedly unconstitutional condition. 42 U.S.C. § 1997e(e). See Munn Bey v. Department of Corrections, 839 F.Supp.2d 1 (D.D.C. 2011).

Here, Plaintiff seeks to order Defendant Jividen to change a policy directive, and have the Defendants pay his court fees. ECF No. 1 at 9. Plaintiff does not allege any physical injury. Id. Further, he fails to allege that any physical injuries were the result of the events he describes in the complaint. Rather, Plaintiff alleges that he suffered a loss of money from his prisoner account. Id. Even if Plaintiff had stated a claim upon which relief could be granted, he is ineligible to receive monetary damages unless he has demonstrated prior physical injury, which is not present here. Accordingly, Plaintiff is not entitled to monetary relief.

Accordingly, because Plaintiff can prove no set of facts which would entitle him to relief, he fails to state a claim upon which relief may be granted as to any of the named Defendants.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

It is further RECOMMENDED that Plaintiff's motions to stay proceedings and for appointment of counsel [ECF Nos. 6, 8] be TERMINATED as MOOT.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 4, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE